# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:98CR356** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MARTIN SOUZA,** | ) | |
| | ) | |
| **Defendant.** | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Request of Severability of the Charges brought under 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846 filed by Defendant, Martin Souza. For the following reasons, Defendants' Request is denied.

### I. FACTUAL BACKGROUND

On October 21, 1998, Martin Souza and his co-defendant, Joseph Jesus Lopez, were indicted by a federal grand jury and charged with conspiring to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Section 846. On July 28, 1999, Souza was found guilty by jury. On December 15, 1999, a sentencing hearing was held and evidence was presented by the government of Souza's two prior felony drug convictions. Defendant Souza was sentenced to a term of life imprisonment. On January 6, 2000, Souza filed a notice of appeal, appealing the judgment of conviction and sentence. On October 29, 2002, the Sixth Circuit Court of Appeals affirmed the judgment of conviction and sentence imposed by the Court. On June 19, 2003, Souza filed a §2255 motion, which is still pending.

## II. ANALYSIS AND DECISION

Defendant Souza argues Congress did not have the power or authority to enact the

Controlled Substances Act, specifically the sections charged and resulting in his conviction.

These sections are Title 21, United States Code. Section 846 and Section 841(a)(1) and

(b)(1)(A). Defendant argues as a result of this improper enactment he did not receive "proper

notice" and thus argues the statute is unconstitutional.

However, previous rulings have found these sections constitutional. The Supreme Court

has recognized that under the Commerce Clause Congress may regulate any activities that

substantially affect interstate commerce. *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624

(1995). In addition, the Sixth Circuit held that drug trafficking activity always affects interstate

commerce and thus comes within Congress' jurisdiction and recognized that:

> ....drug trafficking is an 'economic enterprise' that substantially
> affects interstate commerce in numerous clear ways. Each individual
> instance of cocaine dealing, for example, represents the end point of a
> manufacturing, shipping, and distribution network that is interstate-
> and international- in nature. In fact, Congress included specific
> findings to that effect when it passed the Controlled Substances Act.

*United States v. Tucker*, 90 F. 3d 1135, 1140 (1996).

Accordingly, because drug trafficking affects interstate commerce and the Commerce

Clause grants Congress the power to regulate any activities affecting interstate commerce, the

pertinent sections of Title 21 are constitutional.

Furthermore, Defendant Souza's claims relating to 'severability,' claiming Congress did

not have authority to enact the pertinent sections of Title 21, are without legal precedent. Courts

have previously recognized the constitutionality and validity of these sections. See, *United

States v. Scales*, 464 F.2d 371 (6th Cir. 1971); *United States v. Esposito*, 492 F.2d 6, *cert. denied*,

94 S. Ct. 728 (1973).

## III. CONCLUSION

Defendant Souza's Request is denied as the constitutionality and validity of the statute has previously been decided. Furthermore, Plaintiff presents no case law to the contrary. For the aforementioned reasons, this Court denies Plaintiff's Request.

IT IS SO ORDERED.

10/6/06
Date

CHRISTOPHER A. BOYKO
United States District Judge